| 2120 - Served | 2121 - Served |
| 2220 - Not Served | 2221 - Not Served |
| 2320 - Served By Mail | 2321 - Served By Mail |
| 2420 - Served By Publication | 2421 - Served By Publication |
| **SUMMONS** | **ALIAS - SUMMONS** |

(2/28/11) CCG N001

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, Law Division DIVISION

No. _____

Arjun Grover

(Name all parties)

v.

Al Rayyan Tourism Investment Company et ano.

To: Radisson Chicago MP Management, LLC

c/o RA Illinois Corporation Service Co.

801 Adlai Stevenson Drive, Springfield IL 62703

### ⦿ SUMMONS  ◯ ALIAS SUMMONS

**To each Defendant:**

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

- ⦿ Richard J. Daley Center, 50 W. Washington, Room 8th Floor, Chicago, Illinois 60602

- ◯ District 2 - Skokie
  5600 Old Orchard Rd.
  Skokie, IL 60077

- ◯ District 3 - Rolling Meadows
  2121 Euclid
  Rolling Meadows, IL 60008

- ◯ District 4 - Maywood
  1500 Maybrook Ave.
  Maywood, IL 60153

- ◯ District 5 - Bridgeview
  10220 S. 76th Ave.
  Bridgeview, IL 60455

- ◯ District 6 - Markham
  16501 S. Kedzie Pkwy.
  Markham, IL 60428

- ◯ Child Support
  28 North Clark St., Room 200
  Chicago, Illinois 60602

You must file within 30 days after service of this Summons, not counting the day of service.
**IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.**

**To the officer:**

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than 30 days after its date.

Atty. No.: 36443

Name: Adam Goodman/Goodman Tovrov et al.

Atty. for: Plaintiff

Address: 105 West Madison Street, Suite 1500

City/State/Zip: Chicago IL 60602

Telephone: (312) 238-9592

WITNESS, DOROTHY BROWN  MAR 1 4 2016

Date of service: March 15, 2016
(To be inserted by officer on copy left with defendant or other person)

Service by Facsimile Transmission will be accepted at: _____
(Area Code) (Facsimile Telephone Number)

DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

EXHIBIT A

36443

# IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| ARJUN GROVER, | ) |
| Plaintiff, | ) 2016L002677 |
| | ) CALENDAR/ROOM F |
| | ) TIME 00:00 |
| vs. | ) No.: PI Other |
| | ) |
| AL RAYYAN TOURISM INVESTMENT | ) |
| COMPANY and RADISSON CHICAGO MP | ) |
| MANAGEMENT, LLC, d/b/a RADISSON | ) |
| BLU AQUA HOTEL, | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

Arjun Grover brings this complaint against Defendants Al Rayyan Tourism Investment Company (ARTIC) and Radisson Chicago MP Management, LLC, and respectfully states as follows:

### VENUE

1. Venue is proper under 735 ILCS 5/2-109(a) because the city of Chicago is located in Cook County, Illinois.

### PARTIES

2. Plaintiff, Arjun Grover, is a resident of the state of Indiana, residing at 1338 Ballybunion Ct., Dyer, IN 46311.

3. Defendant Al Rayyan Tourism Investment Company (ARTIC) is a wholly owned subsidiary of Al Faisal Holding Company based in Qatar. ARTIC is engaged in real estate development, acquisition and leasing with a primary focus on the hospitality sector and

1

hospitality-related services worldwide, including in the United States. ARTIC owns the Radisson Blu Aqua hotel in downtown Chicago.

4. Defendant Radisson Chicago MP Management, LLC, is a corporation organized in Delaware with its principal place of business in Minnetonka, Minnesota. Radisson Chicago operates the Radisson Blu Aqua hotel in downtown Chicago. Defendants are companies doing business at 221 North Columbus Drive, Chicago, Illinois.

### COUNT I (AL RAYYAN TOURISM INVESTMENT COMPANY)

5. On or before May 20, 2015, ARTIC owned, operated, managed, maintained, and controlled Radisson Blu Aqua, a hotel located at 221 North Columbus Drive, Chicago, Illinois.

6. ARTIC also owns, operates, manages, maintains and controls Filini, a restaurant located within the hotel.

7. The restaurant has a bar and many tables and chairs for customers to use.

8. ARTIC was aware, or should have been aware, of the defect in a chair used at this location.

9. On May 20, 2015, Plaintiff was a patron at Filini.

10. Customers, including the Plaintiff, could not see the defect in the chair.

11. Unable to see the defect, Plaintiff sat on the chair and the chair collapsed. Plaintiff fell to the ground, severely injured.

12. At all relevant times, ARTIC had a duty to use reasonable care in the ownership, operation, management, maintenance, and control of the furniture inside its restaurant.

13. On or before May 20, 2015, ARTIC, in violation of such duty committed one or more of the following negligent acts or omissions:

    a. Failed to provide a safe chair for customers to use at the restaurant;

2

      b.      Allowed the furniture to age without proper maintenance;

      c.      Failed to properly repair the broken chair;

      d.      Allowed the chair to remain in such a condition that customers were exposed to the defect;

      e.      Failed to inspect the chair to ascertain the presence of defects;

      f.      Caused and allowed a defect to be present on the chair, presenting an unreasonably dangerous condition, even though it knew or should have known of the existence of the defective chair;

      g.      Failed to timely and properly maintain and repair the chair so as to provide a safe restaurant for customers;

      h.      Failed to provide any warning for customers concerning the potentially unsafe condition of the furniture when it knew, or in the exercise of ordinary care, should have known, that a warning was necessary;

      i.      Failed to maintain the furniture in compliance with safety codes and regulations;

      j.      Was otherwise careless and/or negligent in the ownership, operation, maintenance, and management of the furniture.

14.    As a proximate result of one or more of ARTIC's negligent acts or omissions, Plaintiff fell and suffered significant injuries and resulting damages.

### COUNT II (RADISSON CHICAGO MP MANAGEMENT LLC)

15.    On or before May 20, 2015, Radisson Chicago owned, operated, managed, maintained, and controlled Radisson Blu Aqua, a hotel located at 221 North Columbus Drive, Chicago, Illinois.

3

16. Radisson Chicago also owns, operates, manages, maintains and controls Filini, a restaurant located within the hotel.

17. The restaurant has a bar and many tables and chairs for customers to use.

18. Radisson Chicago was aware, or should have been aware, of the defect in the chair used at this location.

19. On May 20, 2015, Plaintiff was a patron at Filini.

20. Customers, including the Plaintiff, could not see the defect in the chair.

21. Unable to see the defect, Plaintiff sat on the chair and the chair collapsed. Plaintiff fell to the ground, severely injured.

22. At all relevant times, Radisson Chicago had a duty to use reasonable care in the ownership, operation, management, maintenance, and control of the furniture inside its restaurant.

23. On or before May 20, 2015, Radisson Chicago, in violation of such duty committed one or more of the following negligent acts or omissions:

    a. Failed to provide a safe chair for customers to use at the restaurant;

    b. Allowed the furniture to age without proper maintenance;

    c. Failed to properly repair the broken chair;

    d. Allowed the chair to remain in such a condition that customers were exposed to the defect;

    e. Failed to inspect the chair to ascertain the presence of defects;

    f. Caused and allowed a defect to be present on the chair, presenting an unreasonably dangerous condition, even though it knew or should have known of the existence of the defective chair;

4

  g. Failed to timely and properly maintain and repair the chair so as to provide a safe restaurant for customers;

  h. Failed to provide any warning for customers concerning the potentially unsafe condition of the furniture when it knew, or in the exercise of ordinary care, should have known, that a warning was necessary;

  i. Failed to maintain the furniture in compliance with safety codes and regulations;

  j. Was otherwise careless and/or negligent in the ownership, operation, maintenance, and management of the furniture.

24. As a proximate result of one or more of Radisson Chicago's negligent acts or omissions, Plaintiff fell and suffered significant injuries and resulting damages.

WHEREFORE, the Plaintiff, Arjun Grover, requests that the Court enter judgment in his favor and against the Defendants, ARTIC and Radisson Chicago MP Management, LLC, in an amount in excess of the jurisdictional limits of the Law Division of the Circuit Court of Cook County and that would compensate the Plaintiff reasonably and fairly for his injuries and damages.

Respectfully Submitted,

**ARJUN GROVER**

_/s/_

One of his attorneys

Dated: March 14, 2016

5

Adam Goodman
GOODMAN TOVROV HARDY & JOHNSON LLC
105 W. Madison, Suite 1500
Chicago, IL 60602
Tel: (312) 238-9592
Fax: (312) 264-2535
agoodman@goodtov.com

Ray Gupta
RAY GUPTA & ASSOCIATES, LLC
833 West Lincoln Highway, Suite 380E
Schererville, IN 46375
Tel: (219) 923-5839
Fax: (219) 227-8209
ray_gupta@yahoo.com

Case: 1:16-cv-03940 Document #: 1-1 Filed: 04/01/16 Page 8 of 8 PageID #:14

## ILLINOIS SUPREME COURT RULE 222 AFFIDAVIT

The total amount of money damages sought in this complaint, exclusive of costs, exceeds $50,000.

_____ 3/8/2016
Arjun Grover